UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERMAINE HICKLES, | CASE NO. C19-1398-JCC |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Petitioner Jermaine Hickles's motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255 (Dkt. No. 1). Having reviewed Petitioner's motion, the Court hereby DISMISSES Petitioner's fifth ground for relief and ORDERS service and an answer on the remaining grounds.

Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). *See United States v. Hickles*, Case No. CR18-0015-JCC, Dkt. Nos. 22, 24 (W.D. Wash. 2018). On August 14, 2018, Petitioner was sentenced to 84 months of imprisonment, followed by three years of supervised release. *Id.* at Dkt. No. 35.

Before directing service and answer to a habeas corpus petition, the Court must determine whether the motion, the files, and the records of the case "conclusively show that the prisoner is

entitled to no relief." 28 U.S.C. § 2255(b). In his plea agreement, Petitioner "waived "[a]ny right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation." *Hickles*, Case No. CR18-0015-JCC, Dkt. No. 22 at 13. Petitioner raises five potential grounds for relief: (1) ineffective assistance of counsel during the plea negotiation process; (2) ineffective assistance of counsel for failure to properly challenge charges; (3) ineffective assistance of counsel for failure to explain the importance of waiving appellate rights; (4) involuntariness of his plea agreement; and (5) an unconstitutional sentence imposed under 924(c)(1)(A). (Dkt. No. 1-1 at 4–13.)

Petitioner's plea agreement waives any right to bring a collateral attack, "except as it may relate to the effectiveness of legal representation." *See Hickles*, Case No. CR18-0015-JCC, Dkt. No. 22 at 13. Petitioner's first, second, and third grounds for relief assert ineffective assistance of counsel, and the record does not conclusively show that Petitioner is entitled to no relief. Therefore, service is proper as to Petitioner's three grounds for relief based on ineffective assistance of counsel.

The Ninth Circuit has upheld the enforceability of a knowing and voluntary waiver of the right to bring a collateral attack for pre-plea constitutional violations. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). However, such a waiver does not preclude a § 2255 claim for involuntariness of a waiver in a plea agreement. *Id.* In this case, the record does not conclusively show that Petitioner is entitled to no relief on this ground. Therefore, service is proper as to Petitioner's fourth ground for relief.

Although a petitioner is generally precluded from challenging sentencing errors on a § 2255 petition, "[e]xception has frequently been made for constitutional questions." *See United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994). Petitioner claims that his sentence under § 924(c)(1)(A) for firearm possession in furtherance of a drug trafficking crime is unconstitutional because the definition of "crime of violence" in § 924(c)(3)(B) is

unconstitutional under *United States v. Davis*, 139 S. Ct. 2319 (2019). (Dkt. 1-1 at 13.) But the record shows that Petitioner pled guilty to firearm possession in furtherance of a drug trafficking crime, not a crime of violence. *See Hickles*, Case No. CR18-0015-JCC, Dkt. No. 22 at 2. Drug trafficking crime is defined under 28 U.S.C. § 924(c)(2) and is not the same definition as § 924(c)(3)(B), which was held unconstitutional in *Davis*. *See Davis*, 139 S. Ct. at 2323–24. Thus, the record conclusively shows that Petitioner is entitled to no relief on this ground. Therefore, service on ground five is improper and this ground is DISMISSED.

Accordingly, the Court hereby ORDERS as follows:

1. The Clerk is DIRECTED to send a copy of this order to Petitioner.
2. If not previously accomplished, electronic posting of this order and petition shall effect service upon the United States Attorney of copies of the § 2255 motion and of all documents in support thereof.
3. Within 45 days after such service, the United States shall file and serve an answer in accordance with Rule 5 of the Rules Governing Section 2255 Cases in United States District Courts. As part of such answer, the United States should state its position as to whether an evidentiary hearing is necessary, whether there is any issue as to abuse or delay under Rule 9, and whether Petitioner's motion is barred by the statute of limitations.
4. On the face of the answer, the United States shall note the answer for consideration by the Court on the fourth Friday after it is filed, and the Clerk shall note the answer accordingly. Petitioner may file and serve a reply to the answer no later than that noting date.

//

//

//

//

1     DATED this 18th day of December 2019.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE