THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERMAINE L. HICKLES, | CASE NO. C19-1398-JCC |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Petitioner Jermaine L. Hickles's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1). Having thoroughly considered the parties' briefing and the relevant record, the Court finds an evidentiary hearing unnecessary and hereby DENIES the motion and DISMISSES Petitioner's habeas petition for the reasons explained herein.

**I.     BACKGROUND**

On January 25, 2018, a grand jury returned a three-count indictment charging Petitioner with felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) (Count One); possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). *United States v. Hickles*, Case No. CR18-0015-JCC, Dkt. No. 11 at 1–3. (W.D. Wash. 2018.) Petitioner faced a 15-year mandatory

minimum sentence, including 10 years for Count Two because there was evidence he possessed more than 500 grams of methamphetamine, and a five-year mandatory minimum for Count Three. *See id.*, Dkt. No. 1 at 4–5; (Dkt. No. 7 at 5) (stating that during plea negotiations, the Government provided notice to Petitioner that it intended to supersede the indictment to allege a greater offense under 21 U.S.C. § 841(b)(1)(A) if Petitioner proceeded to trial).

During the parties' plea negotiations, the Government agreed to allow Petitioner to plead to Count Two as a lesser-included offense under § 841(b)(1)(C), which would carry no mandatory minimum prison term. (*See* Dkt. Nos. 7-1 at 11–12, 7-2 at 2.) On May 3, 2018, Petitioner pleaded guilty at a hearing held before the Honorable Brian A. Tsuchida, United States Magistrate Judge. (Dkt. No. 7-1 at 2.) Petitioner affirmed that there were 17 firearms in his bedroom and that he had possessed them in furtherance of drug trafficking. (*Id.* at 9; Dkt. No. 7-2 at 8.) Petitioner also affirmed that he had signed the plea agreement after reviewing it with his attorney, that he did not have any remaining questions, and that he understood the plea agreement. (Dkt. No. 7-1 at 14.) As part of the plea agreement, Petitioner agreed to forego his right to appeal and his right to collaterally attack his conviction, except as to issues involving ineffective assistance of counsel. (Dkt. No. 7-2 at 13–14.)

Petitioner was sentenced on August 14, 2018. (Dkt. No. 7-3 at 1.) Petitioner faced a mandatory minimum sentence of 60 months, and he recommended a sentence of 60 months and one day. *See Hickles*, Case No. CR18-0015-JCC, Dkt. No. 33. The Government recommended 96 months. *See id.*, Dkt. No. 31. The Court sentenced Petitioner to 84 months. (Dkt. No. 7-3 at 10.)

Petitioner now seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that his counsel was ineffective and that his guilty plea was not knowing, intelligent, and voluntary. (Dkt. No. 1.) The Court dismissed Petitioner's fifth ground for relief and ordered the Government to answer Petitioner's remaining grounds. (Dkt. No. 6.)

//

## II.  DISCUSSION

### A.  Legal Standard

A prisoner in federal custody who believes his sentence violates the Constitution or federal law may petition the sentencing court to vacate the conviction or set aside the sentence. 28 U.S.C. § 2255(a). A "collateral attack on a criminal conviction must overcome the threshold hurdle that the challenged judgment carries with it a presumption of regularity, and that the burden of proof is on the party seeking relief." *Williams v. United States*, 481 F.2d 339, 346 (2d Cir. 1973). In reviewing such a petition, a court may rely upon the original proceeding's record and evidence filed by the parties. *Shah v. United States,* 878 F.2d 1156, 1160 (9th Cir. 1989). It may also employ its own recollection, experience, and common sense. *Id.*; *Gustave v. United States*, 627 F.2d 901, 903–04 (9th Cir. 1980).

If the written record does not foreclose the petitioner's claims, the Court must order an evidentiary hearing, and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b). However, a § 2255 motion "can be dismissed without a hearing if . . . the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. To avoid dismissal, the movant must present some credible, non-conclusory evidence" in support of his claims. *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003); *see United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir. 2000) (no relief is warranted when the prisoner's claims are contrary to the record or incredible when weighed against it.).

### B.  Ineffective Assistance of Counsel

Petitioner asserts in his first, second, and third grounds for relief that his trial attorney rendered ineffective assistance. "Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation." *Gustave*, 627 F.2d at 904. To show ineffective assistance of counsel, Petitioner must establish that (1) his counsel's performance was professionally unreasonable and that (2) any "deficienc[y] in counsel's performance [was]

prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 691–92 (1984). Petitioner fails to meet both prongs of the *Strickland* test.

      As his first ground for relief, Petitioner contends that his attorney was ineffective during the plea negotiation process. (Dkt. Nos. 1 at 5, 1-1 at 4.) Specifically, Petitioner makes a conclusory assertion that his counsel failed to properly advise him about the charges, the evidence against him, the consequences of pleading guilty, and other aspects of the plea agreement. (Dkt. No. 1 at 4–5.) But Petitioner fails to support his claim with specific allegations or evidence. (*See id.*) In addition, Petitioner's plea agreement allowed him to plead to Count Two as lesser-included offense under 21 U.S.C. § 841(b)(1)(C), which carried no mandatory minimum prison term, and thereby reduced the applicable mandatory minimum term from 15 years to 5 years. (Dkt. No. 7-2 at 2.) Had Petitioner rejected the plea deal that counsel negotiated, he would have faced at trial the risk of conviction on charges that carried a mandatory minimum of 15 years. (*See id.*) For these reasons, the Court finds that counsel's plea negotiations with the Government were not professionally unreasonable. *See Strickland*, 466 U.S. at 691–92. Furthermore, Petitioner fails to show that he suffered any prejudice from his attorney's performance. Petitioner received a sentence of 84 months, well below the sentencing guidelines range of 97 to 121 months plus 60 months consecutive for his offense score, and less than half of the 15-year mandatory minimum he would have otherwise faced at trial. (*See* Dkt. No. 7-3 at 9.) Petitioner has offered no reason to believe that he would have received a lighter sentence had he gone to trial. For these reasons, Petitioner's motion is DENIED as to this ground for relief.

      As his second ground for relief, Petitioner argues that his attorney failed to properly challenge Count Three, possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). (Dkt. Nos. 1 at 6, 1-1 at 6–8.) Petitioner asserts that he obtained all of his firearms in exchange for drugs, and that under *Watson v. United States*, 552 U.S. 74 (2007), he could not be convicted of using a firearm in relation to a drug trafficking offense because he traded drugs to obtain the firearms. (*Id.*) Petitioner fails to support his claim with specific

allegations or evidence. But the record establishes that Petitioner possessed 17 firearms and kept them loaded, in his bedroom, near significant quantities of drugs and cash. (*See* Dkt. Nos. 7-1 at 9, 7-2 at 8.) Thus, even if Petitioner could show that he had originally acquired the firearms in exchange for drugs, he possessed them in furtherance of a drug trafficking crime during the time period at issue. *See United States v. Hector*, 474 F.3d 1150, 1158 (9th Cir. 2007). And Petitioner does not acknowledge that his present assertion contradicts the record, in which he admitted in his plea hearing that he possessed the firearms in furtherance of drug trafficking. (*See* Dkt. Nos. 7-1 at 9, 7-2 at 8.) Thus, Petitioner has not demonstrated that his attorney was ineffective for failing to challenge the § 924(c)(1)(A) charge against him. Therefore, Petitioner's motion is DENIED as to this ground for relief.

As his third ground for relief, Petitioner contends that his attorney failed to explain the importance of waiving his appellate rights and that, had Petitioner understood his rights, he would not have pleaded guilty and would have preserved his appellate rights. (Dkt. Nos. 1 at 7, 1-1 at 9.) Petitioner fails to support his claim with specific allegations or evidence and does not argue that he was prejudiced by the waiver of his appellate rights. Therefore, Petitioner's motion is DENIED as to this ground for relief.

### C.  Validity of Petitioner's Guilty Plea

A plea is not entered into intelligently "if the defendant is without the information necessary to assess intelligently the advantages and disadvantages of a trial as compared with those attending a plea of guilty." *United States v. Hernandez*, 203 F.3d 614, 619 (9th Cir. 2000).

Petitioner argues that his guilty plea is void because he did not enter it knowingly, intelligently, and voluntarily. (Dkt. Nos. 1 at 7, 1-1 at 10–12.) Petitioner makes a conclusory assertion that his attorney did not adequately advise him or allow him to actively participate in pretrial matters. He contends that had he been adequately informed and involved, he would not have pleaded guilty and would have instead proceeded to trial. (*Id.*) But Petitioner fails to support his claim with specific allegations or evidence. And the record indicates that Petitioner

C19-1398-JCC
PAGE - 5

affirmed that he understood: (1) what the Government would have to prove to convict him at trial; (2) the rights he was giving up, including his right to appeal a conviction; (3) the sentencing factors that applied to his case; (4) the Government's recommendation; (5) the factual basis for the plea; and (6) the waiver of appeal and collateral attack. (Dkt. No. 7-2 at 4–13.) Further, contrary to Petitioner's argument, his attorney accurately advised that Petitioner faced a mandatory minimum sentence of 15 years. (*Compare* Dkt. No. 1-1 at 8, *with id.* at 12.) Thus, Petitioner has not established that his plea is void or voidable. Therefore, Petitioner's motion is DENIED as to this ground for relief.

In sum, the record conclusively shows Petitioner is not entitled to relief on his habeas claims. *See* 28 U.S.C. § 2255(b); *Sanders*, 341 F.3d at 722. Therefore, the Court DENIES his request for an evidentiary hearing and DISMISSES his § 2255 habeas petition.

### D.     Certificate of Appealability

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability with respect to any of the claims asserted in his petition. Therefore, a certificate of appealability is hereby DENIED.

## III.     CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence (Dkt. No. 1) is DENIED and this action is DISMISSED. Issuance of a certificate of appealability is DENIED.

DATED this 5th day of May 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE